■ In the Matter of KERRY E., Alleged to be a Juvenile Delinquent, Appellant. WARREN COUNTY ATTORNEY, Respondent.—Weiss, J. Appeal from an amended order of the Family Court of Warren County (Austin, J.), entered January 3, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was found, upon his admission, to have committed acts while under age 16 which if committed by an adult would have constituted the crime of unauthorized use of a motor vehicle. On December 27, 1987, respondent and two others took a joy ride in an unregistered 28-year-old former school bus which was used for storage and moving property around the premises of its business owner. During its unlawful use, the bus struck a building, subsequently became mechanically disabled and was abandoned in the public street.

At the conclusion of the restitution portion of the dispositional hearing, respondent was required to make restitution in the sum of $1,500, the statutory maximum (Family Ct Act § 353.6). The order provided for installment payments on September 1, 1989 and April 18, 1990. Family Court found that the damages totaled $1,903.30, consisting of damages to the bus of $1,465.85, towing costs of $37.45, building damages of $250 and personal property damages of $150. Respondent appeals, contending that the computation of damages is erroneous and that the requirement that he pay more than a one-third pro rata share is an abuse of discretion.

Family Court Act § 353.6 specifically lists costs of repairs as a measure of restitution. As the demonstrated repair costs exceeded the statutory maximum for restitution by more than $400, there is no basis for respondent's contention that the victim may have profited by its delayed receipt of restitution. Respondent erroneously speculates that there was a significant salvage value in the ancient, physically damaged, mechanically disabled bus where it remained on the victim's premises. Nor was there an abuse of discretion in Family Court's determination not to prorate the restitution in proportionate shares to each of the three wrongdoers. The damages resulted from respondent's concerted acts with others which were willful in nature and for which, civilly, respondent is jointly and severally liable. The disposition of six months' probation and restitution of $1,500 is well within the discretion of Family Court.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.