OPINION OF THE COURT
Michael J. Miller, J.
In this juvenile delinquency proceeding, respondent admitted to committing an act which if committed by an adult would have constituted the crime of unauthorized use of a motor vehicle in the third degree.
*30 It was agreed that disposition would be a one-year conditional discharge, but that the question of restitution would be decided after a hearing.
The victim, whose car had been taken, submitted a victim impact statement asking for restitution in the amount of $1,265. This statement included amounts for damages to her car, towing charges and items missing from the car when it was recovered. In addition, the victim requested reimbursement for damages consisting of lost wages, long distance telephone charges and travel expenses. These claims arose because the victim lived in Dansville, but the car was recovered in Rochester. Thus, the victim had to make long distance telephone calls, take time from work, and travel to Rochester in order to get her car back. Finally, the victim asked for compensation in the amount of $300 for the aggravation and inconvenience caused her.
Section 353.6 (1) (a) of the Family Court Act authorizes the court to order restitution as part of a conditional discharge: "in an amount representing a fair and reasonable cost to replace the property or repair the damage caused by the respondent not, however to exceed one thousand five hundred dollars.” This statute specifically limits the restitution to be paid by a respondent only to those fair and reasonable amounts necessary to replace property or repair damage caused by a respondent’s act. Unlike the Penal Law, this section does not authorize general restitution or reparation for losses or make any reference to general economic loss or damage other than the repairs or replacement of property. (See, Penal Law § 60.27 [1].) The Legislature has chosen to limit the Family Court’s discretion in awarding restitution by setting forth the specific measure of restitution available in a juvenile delinquency proceeding. (See, Matter of Kerry E., 161 AD2d 843 [3d Dept 1990].)
The court finds that an award of restitution for those damages requested by the victim for lost wages, long distance calls, travel expenses and for the inconvenience and aggravation suffered by her is not authorized by the Family Court Act.
The court is extremely sympathetic to the victim’s plight. She is a struggling single parent who was forced to suffer economic loss that she could ill afford because of the respondent’s actions. However, this court has no discretion or authority to compensate her for much of her loss. The Legisla *31 turc has chosen to adopt the principle that the victim of an act of juvenile delinquency cannot expect full restitution for her loss or injury. (See generally, Schafer, "Restitution to Victims of Crime — An Old Correctional Aim Modernized”, 50 Minn L Rev 243.) Until the Legislature sees fit to change that view this court can give sympathy, but little else.
Therefore, upon the credible evidence presented at the dispositional hearing and following the statutory mandate, the respondent shall pay restitution to the victim for the following expense only:
$110.00 Sunglasses missing from car
10.00 Umbrella missing from car
60.00 Towing expense 454.75 Garage repair bill
$634.75 TOTAL
The other claims of the victim in the amount of $630.25 are disallowed. Payment to the victim shall be made through the Monroe County Department of Probation.