■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD CHAULK, Appellant. [598 NYS2d 719] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered January 3, 1992, convicting him of grand larceny in the third degree and possession of burglar's tools, upon his plea of guilty, and sentencing him to an indeterminate term of 2 to 4 years imprisonment for grand larceny in the third degree and a determinate term of one year imprisonment for possession of burglar's tools, and directing the defendant to pay restitution of $3,764.21 to the Eagle Insurance Company and $1,028.51 to the victim.

Ordered that the judgment is modified, by reducing restitution to the victim from $1,028.51 to $1,018.51; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the court afforded the defendant a reasonable opportunity to advance his claims in support of his motion to withdraw his plea *(see, People v Frederick,* 45 NY2d 520; *People v Machado,* 181 AD2d 796; *People v Maldonado,* 178 AD2d 554). Moreover, the defendant knowingly, intelligently, and voluntarily pleaded guilty and the court did not improvidently exercise its discretion in denying his motion to withdraw his plea *(see, People v Harris,* 61 NY2d 9; *People v Machado,* 181 AD2d 796, *supra).*

The defendant contends that the court could not fix restitution in an amount that exceeded the recommendation of the probation department. This is incorrect. In fact, "[w]hile a probation department can serve as a preliminary fact finder with respect to the issue of restitution, the sentencing court has the duty to set the amount of restitution and the manner in which the restitution condition is to be satisfied" *(People v Kronenberg,* 167 AD2d 483). Contrary to the contention of the defendant, the court did not err in receiving hearsay evidence at the restitution hearing *(see,* Penal Law § 60.27 [2]; CPL 400.30 [4]). However, in relying on the evidence presented at the hearing, the court made a calculation error in computing the amount of restitution due to the victim. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.