■ In the Matter of KEITH Z., a Person Alleged to be a Juvenile Delinquent, Appellant. ALEXANDER B. ISABEL, as Assistant County Attorney of Montgomery County, Respondent. [600 NYS2d 302] —Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered July 14, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent and, *inter alia,* ordered him to pay restitution.

Respondent's only contention on this appeal is that Family Court erred in ordering him to make restitution in the amount of $703.55 for the medical expenses incurred by the victim. As a condition of probation, Family Court Act § 353.6 (a) authorizes the court to order restitution "in an amount representing a fair and reasonable cost to replace the property or repair the damage caused by the respondent". We read this language to specifically limit restitution to payments for property damage. It does not, in our view, entitle a victim to receive restitution for other damages *(see, Matter of Barney R.,* 151 Misc 2d 29). Legislative history reveals that when this language first appeared in the Family Court Act (Family Ct Act former § 757 [c]), restitution was to represent "the replacement or repair of property damaged by a child" (Mem of State School Boards Assn, 1970 NY Legis Ann, at 29). In addition, a comparison of Family Court Act § 353.6 and Penal Law § 60.27, which entitles a court to order restitution as part of a criminal sentence, supports this interpretation. Unlike Family Court Act § 353.6, Penal Law § 60.27 authorizes general restitution or reparation and makes a specific reference to general economic loss or damage other than the repair and replacement of property. We therefore find that Family Court Act § 353.6 does not authorize the award of restitution for the medical expenses incurred by the victim in this case and Family Court's order should be modified accordingly.

Weiss, P. J., Mikoll, Crew III, Mahoney and Casey, JJ.,

concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered respondent to pay restitution, and, as so modified, affirmed.