■ In the Matter of James A., a Person Alleged to be a Juvenile Delinquent, Appellant. [613 NYS2d 255] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Bellantoni, J.), entered February 23, 1993, which, upon a fact-finding order of the same court, entered December 15, 1992, made upon an admission, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the fourth degree and conspiracy in the fifth degree, inter alia, adjudged him to be a juvenile delinquent, placed him on probation for one year, and ordered him to pay restitution of $1,500. The appeal brings up for review the fact-finding order entered December 15, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the evidence adduced at the dispositional hearing was insufficient to support that portion of the order which required him to pay restitution in the amount of $1,500. The determination as to the "fair and reasonable cost to replace the property or repair the damage" caused by the appellant (Family Ct Act § 353.6 [1] [a]) presented a disputed factual issue, and, as the trier of fact, the

Family Court's determination as to the credibility of the witnesses is entitled to great weight *(see, e.g., Matter of Bernard J.,* 171 AD2d 794; *Matter of Jamal V.,* 159 AD2d 507). We find that the evidence provided by the victim with respect to the property damage and lost inventory in his store amply supported the court's determination, and we cannot say that the decision to impose the maximum amount of restitution was an improvident exercise of discretion *(see, Matter of Kerry E.,* 161 AD2d 843; *cf., Matter of Richard GG.,* 187 AD2d 846; *Matter of David N.,* 97 AD2d 980).

We find the appellant's remaining contention to be without merit, as the record clearly indicates that the parties limited the dispositional hearing to the issue of restitution. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.