■ In the Matter of JOEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [660 NYS2d 142] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Rockland County (Warren, J.), entered August 14, 1996, which, upon a fact finding order of the same court, dated July 2, 1996, made upon the appellant's admission, finding that he had committed acts which, if committed by an adult, would have constituted the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent, placed him on probation for one year, and ordered him to pay restitution in the aggregate sum of $2,250. The appeal brings up for review the fact-finding order dated July 2, 1996.

Ordered that the order is affirmed, without costs or disbursements.

The appellant was charged with committing acts which, if committed by an adult, *inter alia*, would have constituted the crimes of burglary in the second degree and burglary in the third degree, stemming from three separate acts, on three distinct dates, involving three individual complainants. Charges concerning all three transactions were lodged in one single juvenile delinquency petition. Annexed to the petition was a notice pursuant to CPL 710.30 reciting the appellant's uncontroverted admissions to all of the crimes charged. The appellant was permitted to enter an admission to one count of criminal trespass in the third degree in full satisfaction of the petition, in exchange for placement on probation for a period of one year and restitution in an amount to be fixed by the court. During the dispositional hearing, one of the victims agreed to accept restitution from the appellant in the sum of $750, and the parties stipulated that a second victim sustained compensable losses of $1,500. Over the appellant's objections, the Family Court ordered restitution in the aggregate sum of $2,250. We affirm.

Family Court Act § 353.6 (1) (a) provides, in pertinent part, that at the end of a dispositional hearing, the court may order restitution as a condition of probation "in an amount representing a fair and reasonable cost to replace the property or repair the damage caused by the respondent, not, however, to exceed one thousand five hundred dollars". The appellant contends, as he did before the Family Court, that that $1,500 ceiling is an absolute limit upon his restitutional liability, irrespective of the number of acts of juvenile delinquency he has committed against different victims. We disagree. As the Family Court correctly determined, the presentment agency could have

exercised its prosecutorial discretion to file three separate petitions, each one specifically relating to a distinct criminal transaction. Had the appellant been so charged he certainly would have no basis to complain that the aggregate amount of his restitution could not exceed $1,500. Here, the appellant committed three separate series of delinquent acts causing distinct damages to multiple individuals. We agree with the Family Court that the $1,500 restitution limitation must apply to any single criminal transaction, and does not limit the appellant's total potential restitutional liability to the individual victims of his multiple criminal transactions. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.