■ In the Matter of RASHID F., a Person Alleged to be a Juvenile Delinquent, Appellant. IRA J. COHEN, as Sullivan County Attorney, Respondent. [753 NYS2d 166] —Spain, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 4, 2002, which, in a proceeding pursuant to Family Ct Act article 3, ordered respondent to pay restitution.

In August 2001, respondent (born in 1987) was charged in Family Court with acts which, if committed by an adult, would constitute the crimes of sodomy in the first degree and attempted rape in the first degree. In December 2001, after the

Probation Department had completed a report containing dispositional recommendations with respect to these charges, respondent was additionally charged with acts which, if committed by an adult, would constitute burglary in the third degree, criminal trespass in the second degree and petit larceny arising out of a November 19, 2001 break-in of a dwelling in the Village of Monticello, Sullivan County. In January 2002, an admission/plea agreement was reached whereby petitioner withdrew the August 2001 petition and replaced it with a new petition charging respondent with endangering the welfare of a child; this was done with the understanding that respondent would be permitted to enter admissions to the new endangering charge and to the criminal trespass charge contained in the December 2001 petition in full satisfaction of all charges pending before Family Court. At that time, petitioner stated as follows: "And so with both [admissions], I'd just ask that we do the two-year term of probation that we previously discussed with all the conditions that were laid out within the [probation report] that we previously had. So if possible, I'd just roll it up all today."

While expressing a preference to update the probation report, Family Court nonetheless proceeded to accept respondent's admissions to the two charges and, on consent of petitioner and respondent's Law Guardian, immediately held a dispositional hearing. The probation report, which had predated the break-in charges, was received into evidence without objection; as agreed, Family Court placed respondent on two years' probation subject to the orders and conditions which were recommended in the probation report, including mental health and sex offender treatment. After the court reviewed the terms and conditions of probation with respondent on the record, the court asked respondent if he understood them, to which respondent answered "yes." Up until this point in the proceedings, there was no mention in the record of restitution. The record reflects that as the dispositional hearing came to a close, petitioner stated: "Judge, one thing I—I failed to mention was I reserve my right to restitution on the trespass charge." Without confirming respondent's awareness of and/or consent to restitution as a condition of this disposition, the court directed respondent to review and sign the order and conditions of probation. Notably, the order and conditions of probation does not direct respondent to make any restitution.*

Thereafter, a restitution hearing was held at which only the

---

* The "Order and Conditions of Probation" form sets forth the conditions of probation ordered by Family Court. While some of the conditions are

victim of the break-in testified and no documentary proof was offered to establish the value of the victim's missing property. Family Court—based on respondent's admission to the trespass charge and because "[a]t the time of the entry of the [admission] to acts constituting criminal trespass] the Presentment Agency specifically reserved the right to seek restitution"— issued an order directing respondent to make restitution to the victim for her loss of three pieces of jewelry in the total sum of $1,025. Respondent now appeals from the order of restitution only.

We find merit in respondent's contention that there is no record evidence that restitution was part of the negotiated admission agreement. Accordingly, we reverse. Concededly, Family Court may order a respondent who is over the age of 10 years who has been adjudicated a juvenile delinquent to make restitution in a fair and reasonable amount to replace the property or to repair the damage caused by respondent (*see* Family Ct Act § 353.6 [1] [a]). However, the issue of restitution was never discussed on the record prior to respondent's admissions. Further, at the time petitioner first stated, as an obvious afterthought, that it was reserving its right to seek restitution on the trespass charge, the disposition—based on respondent's oral admissions—was already complete and placed on the record.

Moreover, a juvenile may be required to pay restitution for a charge to which he or she did not admit only where there is a recorded agreement to accept an admission in exchange for restitution (*see Matter of Frank M.*, 219 AD2d 877; *see also Matter of Joel M.*, 240 AD2d 747). Here, respondent was originally charged with burglary, criminal trespass and petit larceny arising out of the break-in. His admission was to trespassing only and at no time did he admit to Family Court that he stole or damaged any of the victim's property. Indeed, nothing in the record—including his statements to the police— reflects that respondent ever admitted to stealing or damaging the victim's property, nor was there any proof at the restitution hearing that respondent stole the victim's jewelry. Thus, despite the Law Guardian's failure to object at the time of the disposition or at the time of the restitution hearing—held upon

preceded by a box which has been checked by the court to indicate that respondent is subject to that condition, the box preceding the restitution condition is not checked. Moreover, the fact-finding and dispositional order signed by the court makes specific reference to the aforesaid terms and conditions of respondent's probation "attached hereto," but makes no mention of restitution or that the court recognized petitioner's belated request to reserve the right to seek restitution at a later date.

petitioner's untimely record request—we hold that restitution was not properly ordered.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs.