Matter of K.L. (2006 NY Slip Op 26290)

Matter of K.L.

2006 NY Slip Op 26290 [13 Misc 3d 319]

July 19, 2006

Lawrence, J.

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 04, 2006

[*1]
In the Matter of K.L., a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Nassau County, July 19, 2006

APPEARANCES OF COUNSEL

Lorna B. Goodman, County Attorney (Joanne Curran of counsel), for presentment agency. Ann Block for respondent.

OPINION OF THE COURT

Richard S. Lawrence, J.
In a matter of first impression, the court is called upon to decide whether the statutory maximum restitution amount of $1,500 may be ordered for each of a series of six juvenile delinquency petitions, where an admission was made only to one of the petitions, and where the other five petitions will receive either an adjournment in contemplation of dismissal (ACOD) disposition or will be dismissed in satisfaction of the admission.
It is alleged that the respondent committed a series of six acts, seriatim, which, if he were an adult, would constitute the crimes of: criminal mischief in the third degree, section 145.05 (2) of the Penal Law, a class E felony; attempted criminal mischief in the third degree, sections 110.00 and 145.05 (2) of the Penal Law, a class A misdemeanor; criminal mischief in the fourth degree, section 145.00 (1) of the Penal Law, a class A misdemeanor; attempted criminal mischief in the fourth degree, sections 110.00 and 145.00 (1) of the Penal Law, a class B misdemeanor; making graffiti, section 145.60 of the Penal Law, a class A misdemeanor; attempted making graffiti, sections 110.00 and 145.60 of the Penal Law, a class B misdemeanor; and possession of graffiti instruments, section 145.65 of the Penal Law, a class B misdemeanor.
The respondent has made an admission to one of the six petitions, and the question submitted to the court is restitution for the damages caused in all six incidents, and whether the statutory maximum of $1,500 may be applied to each of the six matters, or whether $1,500 is the total restitution that may be imposed by the court with respect to all six petitions.
It is alleged by the presentment agency that the respondent committed these acts over a period of time, on various days, commencing on November 26, 2005 and concluding on December 8, 2005. Allegedly damaged was private property of various homeowners, electric boxes owned by Verizon, property belonging to a commercial company, property belonging to the Incorporated Village of Valley Stream, and traffic signs belonging to the Town of Hempstead.
The applicable statutes are as follows:
Family Court Act § 353.6, which deals with restitution, states, in applicable part:
"1. At the conclusion of the dispositional hearing in cases involving respondents over ten years of age the court may:
"(a) recommend as a condition of placement, or order as a condition of probation or conditional discharge, restitution in an amount representing a fair and reasonable cost to replace the property, repair the damage caused by the respondent or provide the victim with compensation for unreimbursed medical expenses, not, however, to exceed one thousand five hundred dollars."
Penal Law § 60.27 (4) (a) states, in applicable part,"the term 'offense' shall include the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense."
This Penal Law section must be read in conjunction with Family Court Act § 303.1 (2), which states that the court may "consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article."
There is no question that if the respondent were to receive an ACOD disposition with respect to the five petitions in which no admission was made, or if the other five petitions are dismissed in satisfaction, that the court may properly order restitution. (Family Ct Act § 353.6 [1]; Penal Law § 60.27 [4] [a].) However, the question remains whether the court may exceed the statutory ceiling of $1,500 with respect to all six petitions.
Where the respondent agrees, as part of the admission, to make restitution with respect to additional petitions not admitted to, then restitution may be ordered by the court with respect to such nonadmitted petitions. (See Matter of Rashid F., 300 AD2d 960 [3d Dept 2002]; Matter of Frank M., 219 AD2d 877 [4th Dept 1995].)
In a juvenile delinquency matter wherein it was alleged that a juvenile delinquent committed a series of distinct criminal transactions, but where the presentment agency filed only one petition against the respondent, containing all three transactions, and where the Family Court imposed total restitution in a sum in excess of $1,500, the trial court was affirmed. (Matter of Joel M., 240 AD2d 747 [2d Dept 1997].) In that case, the respondent entered an admission to only one of the three allegations, which included an agreement to restitution "in an amount to be fixed by the court" (at 747). The Appellate Division held:
"[T]he presentment agency could have exercised its prosecutorial discretion to file three separate petitions, each one specifically relating to a distinct criminal transaction. Had the [respondent] been so charged he certainly would have no basis to complain that the aggregate amount of his restitution could not exceed $1,500. Here, the [respondent] committed three separate series of delinquent acts causing distinct damages to multiple individuals. We agree with the Family Court that the $1,500 restitution limitation must apply to any single criminal transaction, and does not limit the [respondent's] total potential restitutional liability to the individual victims of his multiple criminal transactions." (Ibid. at 747-748; see also People v Horne, 97 NY2d 404 [2002]; Matter of Juan O., 240 AD2d 749 [2d Dept 1997].)
In view of the applicable statutes together with the reasoning of the Appellate Division (Matter of Joel M., supra), and despite the lack of specific case law on the point, it is this court's considered opinion that restitution may be ordered, upon each of the six petitions in this matter, and that each of them is subject to the statutory maximum of $1,500, provided that the respondent agrees to an ACOD disposition on the five petitions not admitted, or, in the alternative, specifically agrees to restitution as to those five petitions if they are to be dismissed.