Matter of J.S. (2007 NY Slip Op 27118)

Matter of J.S.

2007 NY Slip Op 27118 [15 Misc 3d 855]

March 21, 2007

Lawrence, J.

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 20, 2007

[*1]
In the Matter of J.S., a Person Alleged to be a Juvenile Delinquent, Respondent.
[*2]Family Court, Nassau County, March 21, 2007

APPEARANCES OF COUNSEL

Barbara Kopman for respondent. Lorna B. Goodman, County Attorney (Joanne T. Curran of counsel), for presentment agency.

OPINION OF THE COURT

Richard S. Lawrence, J.
In this juvenile delinquency matter, the respondent previously made an admission to acts which, if she were an adult, would amount to attempted unauthorized use of a vehicle in the third degree, in violation of Penal Law §§ 110.00 and 165.05 (1), a class B misdemeanor. This matter was then set down for a probation investigation and report, which recommended that respondent be adjudicated a juvenile delinquent, be placed on probation for a period of 24 months, and that she be ordered to pay restitution in the amount of $673.45, in certain monthly payments. It should be noted that originally the recommendation was 25 hours of community service, but that the community service recommendation was withdrawn by the Probation Department, in lieu of the restitution.
This court, having thoroughly reviewed the probation report and all other information available to it for disposition, advised counsel that it would agree to the recommendation, and respondent agreed to the two-year probationary period, together with the original recommendation of community service, but did not agree to any restitution. Accordingly, this matter was then set down for a restitution hearing.
At the date set for the hearing, the presentment agency advised that it was not ready, and, at that time, and for the first time, stated that respondent was not entitled to a restitution hearing whatsoever. This court then had an extended colloquy with counsel, and, as a result of that colloquy, directed that each counsel submit a memorandum of law, as to: (1) whether the respondent is entitled to a restitution hearing at all, and (2) whether the court could consider the respondent's ability to pay. It should be noted that respondent alleges that she has no ability to pay, in that, with respect to a prior matter, she is making restitution under an adjournment in contemplation of dismissal (ACOD) disposition, over a period of six months; and that the sole parent with whom she resides is on public assistance.
Accordingly, this court is treating the matter at bar as an in limine application, on behalf of both counsel, at the dispositional phase of a juvenile delinquency matter. This court's [*3]research does not disclose any precedent whatsoever; accordingly, this decision is a matter of first impression in this state.
Respondent's memorandum of law argues that the respondent is entitled to a restitution hearing, and refers to Family Court Act § 353.6 (1) (a), Penal Law § 60.27 (2), and a series of cases which allow for a restitution hearing.
The presentment agency argues that respondent is not entitled to a restitution hearing, because the Family Court Act does not allow for such a hearing. However, the procedure for such a hearing is specifically set forth in Criminal Procedure Law § 400.30, which this court holds must govern a restitution hearing in the Family Court (see Family Ct Act § 353.6).
Mention should also be made of the difference between a necessary element of the fact-finding hearing, wherein a certain statutory threshold, in a dollar amount, must be found (see, for instance, Penal Law § 145.05 [2] [criminal mischief in the third degree, where a defendant damages property of another person in an amount exceeding $250]), as opposed to the question of restitution which is at the dispositional phase only, such as in the matter at bar.
During oral argument before this court, at which time this court framed the issues for counsel, the presentment agency stated that since a restitution hearing, if it were allowed, would be at the dispositional phase, that hearsay, therefore, would be allowed (see Family Ct Act § 350.3 [1]). Respondent argued that if this were the case, then such a hearing would not allow her the right to cross-examine anyone with knowledge, as apparently the witness would be the probation officer, who would simply testify that the bills she received from the victim constituted the damage which is the subject of the instant restitution. With respect to this argument (having no one to cross-examine in a meaningful manner), the respondent is absolutely correct.
In its memorandum of law, the presentment agency submits that the respondent is not entitled to a "restitution hearing" as such, but rather entitled solely to "a dispositional hearing that encompasses restitution issues." The agency's reasoning is that the Family Court Act does not allow for a restitution hearing as such, and only mentions that restitution may be considered as part of the disposition. (Family Ct Act § 353.6 [1].) The agency [*4]continues, that since hearsay is admissible at the dispositional hearing, restitution may be proven by hearsay testimony.
Regarding respondent's ability to pay, the presentment agency argues that this is not a factor to be considered should the court impose restitution as a condition of probation supervision. The agency points out that there is no language in article 3 mentioning ability or inability to pay; the sole language is set forth in Family Court Act § 353.6 (1) (a), which states that as a condition of probation, "the court may require that the respondent pay out of his or her own funds or earnings the amount of the replacement, damage or unreimbursed medical expenses, either in a lump sum or in periodic payments in amounts set by the court." This respondent is now 16 years old and therefore is eligible for an employment certificate or permit, pursuant to Labor Law § 132.
The agency further states that it is "willing" to make the initial due date of the first monthly restitutional installment with respect to the matter at bar, to be one month subsequent to the final payment pursuant to the prior matter in which this respondent was granted an ACOD. The agency further points out that the actual payments with respect to the matter at bar would decrease by approximately $20 per month from the amount currently being paid under the ACOD.
Lastly, the agency highlights a portion of the probation investigation and report, wherein the respondent has stated that she wishes to become employed, as she believes this will keep her "out of trouble" (see last line of probation investigation and report, returnable before this court on Jan. 9, 2007, at 6, para 2.)
Regarding the argument that the respondent herself, who is now 16 years of age, cannot undertake to comply with any restitution order, not only because of her age but because of her parent's financial limitations, this court believes that argument is without merit. This court, being a designated Juvenile Delinquency Part for the past several years, well knows that in virtually all cases, the parent "fronts" any restitution, although in many cases the respondent will repay the parent when he or she is able and acquires employment at a later date.
Any order of restitution is, of course, directed solely toward the respondent, and not the parent, and if there is a default in payment, it is the respondent, and not the parent, who can be violated. As such, the question of restitution in a juvenile delinquency matter is, in many cases, a fiction. Neverthe[*5]less, the Family Court Act, in section 353.6, specifically provides for restitution not to exceed $1,500 in any case where the respondent is over 10 years of age. (There are exceptions to this: see, for example, Matter of K.L., 13 Misc 3d 319 [Fam Ct, Nassau County 2006, Lawrence, J.].) However, for fictional purposes, the financial status of the parent is irrelevant.
Furthermore, in the matter at bar, the respondent admittedly is making payment with respect to her restitution on a prior matter, over a period of six months. She has obtained gainful employment in order to make payment herself of that prior restitution, and therefore she has shown that she will be able to make restitution with respect to the matter at bar, commencing one month subsequent to her last payment under the prior matter. Nevertheless, this court will allow the issue of ability to pay to be adjudicated at the restitution hearing, should the respondent wish to do so.

Findings and the Applicable Law

As set forth above, the case law upon the exact issue in point, i.e., a restitution hearing at the dispositional phase of a juvenile delinquency matter, is nonexistent.
This court holds that the respondent is entitled to a restitution hearing at the dispositional phase of a juvenile delinquency matter. The argument submitted by the presentment agency is that there should be no restitution hearing as such, but, rather a hearing as to the amount of restitution, within the context of the disposition. That reasoning, in this court's opinion, is a distinction without a difference. In the sparse case law which this court has found, the hearing at the dispositional phase is one to which the respondent is clearly entitled. (See Matter of Kerry E., 161 AD2d 843 [3d Dept 1990]; Matter of James A., 205 AD2d 621 [2d Dept 1994]; Matter of Antonio M., 214 AD2d 571 [2d Dept 1995]; Matter of Rashid F., 300 AD2d 960 [3d Dept 2002]; Matter of K, 8 Misc 3d 983 [Fam Ct, Westchester County 2005].) In the criminal realm, see, for example, People v Peters (299 AD2d 663 [3d Dept 2002]), People v Charles (309 AD2d 873 [2d Dept 2003]), and People v Rosado (28 AD3d 215 [1st Dept 2006]).
Regarding the burden of proof upon the presentment agency, since the matter at bar deals with restitution only at the dispositional phase, as opposed to a necessary element to be proven at the fact-finding phase, the standard of proof is a preponderance of the evidence. (See Family [*6]Ct Act § 350.3 [2].)
Despite the Family Court Act mandate that the standard of proof is a preponderance of the evidence, it would make no difference, even in a criminal case, where it has been held that at a restitution hearing, the standard of proof is exactly the same (i.e., a preponderance of the evidence). (People v Consalvo, 303 AD2d 202 [lst Dept 2003]; People v Tzitzikalakis, 8 NY3d 217 [2007].)
This court further finds that hearsay is admissible. (See Family Ct Act § 350.3 [1].) Furthermore, and in a series of criminal cases, it has been held that hearsay evidence is admissible with respect to restitution. (See People v David N., 140 AD2d 460 [2d Dept 1988]; People v Chaulk, 192 AD2d 669 [2d Dept 1993]; People v Kim, 91 NY2d 407 [1998]; People v Francis L.M., 278 AD2d 919 [4th Dept 2000].)
As set forth above, respondent has argued that if hearsay is admissible, she has no one to cross-examine, as the apparently sole witness (who is presumed to be the probation officer) will have no direct knowledge of the actual damage incurred, and the dollar amount thereof, but will only testify as to any billings or estimates of damage she received from the victim. In this the respondent is correct. However, this court is bound by Family Court Act § 350.3 (1) as well as the case law indicated above. In fact, the above case law deals with a necessary element at the fact-finding hearing (or at trial in a criminal case), and even there, hearsay is admissible. Since hearsay would be admissible in that situation, it clearly is admissible to establish restitution at the dispositional phase of a juvenile delinquency matter. This court is well aware that this leaves the respondent without any effective cross-examination and probably without any defense to restitution whatsoever. However, a remedy, if any, must be left to the Legislature, rather than this court.
This court further finds that the respondent's ability to pay is the subject of proper inquiry at a restitution hearing. Although this court has not found any case that directly addresses this issue, it has found two cases that mention it in passing: Matter of Jessie GG. (190 AD2d 916 [3d Dept 1993]) and Matter of Jonathan D. (33 AD3d 996 [2d Dept 2006]). In the criminal realm, see People v Barnes (135 AD2d 825 [2d Dept 1987]), People v Harden (174 AD2d 691 [2d Dept 1991], lv denied 78 NY2d 1011 [1991]), People v Melvin (11 AD3d 639 [2d Dept 2004]), and People v Myron (28 AD3d 681 [2d Dept 2006]).
The only exception to this is where the defendant has been sentenced to a period of [*7]incarceration. In such a matter, the defendant is not entitled to a restitution hearing. (See, e.g., People v Emmi, 254 AD2d 840 [4th Dept 1998], lv denied 92 NY2d 949 [1998]; People v Jackson, 23 AD3d 1057 [4th Dept 2005], lv denied 6 NY3d 814 [2006].)

Conclusion

For all of the reasons set forth above, this court holds that the respondent is entitled to a hearing, as part of the dispositional phase, with respect to restitution; that the burden of proof is upon the presentment agency, by a preponderance of the evidence; that hearsay is admissible at this hearing; and that the respondent's ability or inability to pay is a matter of proper inquiry at the hearing.