ing the amount of restitution and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Niagara County, for a new restitution hearing.

Memorandum: Respondents were adjudicated juvenile delinquents based on findings that they committed acts that, if committed by an adult, would constitute the crime of criminal mischief in the third degree (Penal Law § 145.05 [2]). By the orders on appeal, Family Court ordered each respondent, respectively, to pay restitution with respect to the 14 vehicles for which the victim made claims for damages. That was error. Pursuant to Penal Law § 60.27, restitution with respect to 14 vehicles, rather than the five vehicles charged in each petition, would be permissible because the damage to the additional nine vehicles was "part of the same criminal transaction" (§ 60.27 [4] [a]; *see generally People v Dorsey*, 26 AD3d 800 [2006], *lv denied* 6 NY3d 833 [2006]). There is, however, no parallel provision in Family Court Act § 353.6, which governs restitution in juvenile delinquency matters, and the parties' contentions concerning Penal Law § 60.27 therefore are irrelevant. We agree with respondents that restitution should be limited to those items recited in the petitions (*see* Family Ct Act § 353.6 [1] [a]; *see generally Matter of Joel M.*, 240 AD2d 747 [1997]; *Matter of Kerry E.*, 161 AD2d 843 [1990]). Because we are unable to determine the proper amount of restitution on the record before us (*cf. Matter of Lamedh B.*, 299 AD2d 966 [2002]), we therefore modify the order in each appeal by vacating the amount of restitution, and we remit the matters to Family Court for a new restitution hearing. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.

In the Matter of JAMES G., Appellant. NIAGARA COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [832 NYS2d 835]— Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered February 9, 2006 in a proceeding pursuant to Family Court Act article 3. The order directed respondent to pay restitution in the amount of $1,200 within six months of the date of the order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of restitution and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Niagara County, for a new restitution hearing.

Same memorandum as in *Matter of Jared G.* (39 AD3d 1248 [2007]). Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.

In the Matter of SHANE G., Appellant. NIAGARA COUNTY ATTORNEY, Respondent. (Appeal No. 3.) [832 NYS2d 835]— Appeal

from an order of the Family Court, Niagara County (David E. Seaman, J.), entered February 9, 2006 in a proceeding pursuant to Family Court Act article 3. The order directed respondent to pay restitution in the amount of $1,200 within six months of the date of the order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of restitution and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Niagara County, for a new restitution hearing.

Same memorandum as in *Matter of Jared G.* (39 AD3d 1248 [2007]). Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.

In the Matter of KEITH M. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBERLY M., Appellant. [833 NYS2d 421]— Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 30, 2006 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged the subject children to be neglected children.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.

SHARON A. BRENT et al., as Administrators of the Estate of DAVID FRANCIS SCHWAB, Deceased, Respondents, v DOUGLAS H. EISELE et al., Appellants. [833 NYS2d 421]— Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 25, 2006. The order denied defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.

COLLEEN ROBINSON, as Parent and Natural Guardian of D.S., an Infant, Appellant, v SYLVESTER DOWNS et al., Defendants, and DIOCESE OF ROCHESTER, Respondent. (Action No. 1.) COLLEEN ROBINSON, as Parent and Natural Guardian of D.S., an Infant, Appellant, v SACRED HEART CATHEDRAL et al., Respondents. (Action No. 2.) [834 NYS2d 770]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered April 20, 2006. The order, granted