■ In the Matter of SEAN P.K., Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. [896 NYS2d 543]—

Appeal from an amended order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered December 8, 2008 in a proceeding pursuant to Family Court Act article 3. The amended order adjudicated respondent a juvenile delinquent, ordered respondent to pay restitution and ordered the Office of Probation to release respondent's name and address to the victim.

It is hereby ordered that the amended order so appealed from is unanimously modified on the law by vacating the last ordering paragraph and as modified the amended order is affirmed without costs.

Memorandum: Respondent appeals from an amended order adjudicating him to be a juvenile delinquent based on the finding that he committed acts that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree. Respondent also was ordered to pay restitution in the sum of $1,500 to the Office of Probation. Respondent contends that Family Court erred in ordering him to pay that amount of restitution because it was greater than the victim's out-of-pocket expenses, and that the amended order therefore improperly permitted the Office of Probation to apportion the restitution payment between the victim and the victim's insurer. We reject that contention. Pursuant to Family Court Act § 353.6 (1) (a), the court may order as a condition of probation that the respondent pay restitution "in an amount representing a fair and reasonable cost to replace the property [or] repair the damage caused by the respondent . . . not, however, to exceed [$1,500]." Here, the victim received payment from its insurance company to repair the property. However, pursuant to the terms of the victim's subrogation agreement with the insurer, that payment was a "loan" made to enable the victim to repair its property, and the loan was to be repaid after the victim received restitution based on legal action taken against the individuals who caused the damage. Based on the terms of that agreement, the victim's use of the insurance company's loan to effect the necessary repairs constituted out-of-pocket expenses subject to restitution. We conclude based on the record before us that the amount of restitution ordered by the court was justified by the amount of damage caused.

We note that the amended order cannot be construed as

permitting the payment of restitution to the victim's insurance company. Although Penal Law § 60.27 (4) (b) authorizes restitution payments to the victim's representatives in criminal actions, that restitution provision does not apply to juvenile delinquency adjudications (*see Matter of Jared G.*, 39 AD3d 1248, 1249 [2007]). Inasmuch as " 'Family Court possesses only the power which is explicitly conferred on it by statute' " (*Matter of Lamedh B.*, 299 AD2d 966 [2002]), and there is no provision in the Family Court Act that is parallel to Penal Law § 60.27 (4) (b), the amended order must be read to reflect that the restitution payment in this case is to be made to the Office of Probation, which in turn will pass along the payment to the victim.

We agree with respondent that the court erred in ordering the Office of Probation, at the request of the presentment agency, to disclose his name and address to the victim to enable the victim to commence an action against his parents pursuant to General Obligations Law § 3-112 (1). The entity requesting such disclosure, i.e., the presentment agency, is not a proper party plaintiff in an action pursuant to General Obligations Law § 3-112. We therefore modify the amended order accordingly. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.