■ In the Matter of DWAYNE F., a Person Alleged to be a Juvenile Delinquent, Appellant. [930 NYS2d 447]—

The court properly ordered appellant to pay restitution even though his allocution and admission did not include an agreement to pay restitution. Restitution is not a specific dispositional order, but is rather a condition that accompanies a specific disposition (*see* Family Ct Act § 353.6). In this case, the court imposed restitution as a condition of probation.

The court's calculation of the amount of restitution was supported by the record. This included a sworn statement by the victim that appellant's acts had rendered her cell phone incapable of normal operation, and that she had paid approximately $500 for the device. This evidence was material and relevant, and the court properly considered it at the dispositional hearing (*see Matter of Nathan N.*, 56 AD2d 554 [1977]). Moreover, when appellant moved to modify the restitution order, the presentment agency responded with documentary proof of the device's replacement cost.

We have considered and rejected appellant's remaining arguments. Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.