▊ In the Matter of MICHAEL V., a Person Alleged to be a Juvenile Delinquent. ULSTER COUNTY ATTORNEY'S OFFICE, Respondent. MICHAEL V., Appellant. [939 NYS2d 591]—

Kavanagh, J.

---

In August 2010, respondent (born in 1996) and other individuals, without permission, gained entry to a vacant hotel located in the Town of Wawarsing, Ulster County and caused substantial damage to the property. Petitioner commenced this proceeding to adjudicate respondent a juvenile delinquent. At the fact-finding hearing, respondent admitted that he had entered the premises without permission and caused damage in excess of $250. Family Court found that respondent's acts, if committed by an adult, would constitute the crime of criminal mischief in the third degree and declared respondent a juvenile delinquent. After a dispositional hearing, Family Court directed that respondent be placed on probation for one year and pay restitution in the amount of $1,500. Respondent appeals.

Respondent claims that Family Court erred in setting restitution at $1,500 because petitioner did not establish at the dispositional hearing how much damage he actually caused while on the premises. Petitioner argues that the evidence submitted at the hearing conclusively established that the property that respondent destroyed or damaged was valued well in excess of the $1,500 statutory limit for restitution (see Family Ct Act § 353.6), and that respondent could be held jointly and severally liable for all the damage that he and his cohorts caused while in the hotel.

Family Court's decision requiring a juvenile delinquent to pay restitution must be based on a figure, not to exceed $1,500, that represents a "fair and reasonable cost to replace" or repair the property (Family Ct Act § 353.6 [1] [a]), and must be supported by a preponderance of the "material and relevant" evidence introduced at the hearing (Family Ct Act § 350.3 [1], [2]; see Matter of Sean P.K., 70 AD3d 1308, 1309 [2010], lv denied 15 NY3d 703 [2010]). Here, respondent acknowledged that after he entered the hotel, he caused damage in excess of $250; he admitted that while on the premises, he broke a window and smashed a cash register by throwing it on the floor. In addition, at the hearing, the hotel's representative, Mitchell Wolff, submitted a report prepared by an insurance adjuster that estimated the total cost to repair all the damage done to the hotel by respondent and the other individuals who vandalized it. Wolff also reported that to replace a window similar to the one respondent admitted breaking, it would cost well in excess of $1,500.* This report was properly admitted into evidence at the dispositional hearing because it was material and relevant to the issue of

---

* Inasmuch as the record supports Family Court's determination that respondent's own actions caused damage in excess of $1,500, we need not address its determination that he be held jointly and severally liable for the

restitution (*see* Family Ct Act § 350.3) and, coupled with respondent's admissions, provided ample support for Family Court's determination as to the amount of restitution that respondent should be compelled to pay for the damage he caused inside the hotel (*see* Family Ct Act § 353.6 [1]; § 350.3 [1]; *Matter of Dwayne F.*, 88 AD3d 481 [2011]; *Matter of James A.*, 205 AD2d 621, 622 [1994]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

damage caused by other individuals who were with him while he was inside the hotel.