# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**95**

**CAF 11-00069**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOSHUA R.S.,
RESPONDENT-APPELLANT.

-----------------------------                MEMORANDUM AND ORDER

STEUBEN COUNTY LAW DEPARTMENT,
PETITIONER-RESPONDENT.

---

ROBERT A. DINIERI, ATTORNEY FOR THE CHILD, CLYDE, FOR
RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH (RUTH A. CHAFFEE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

        Appeal from an order of the Family Court, Steuben County
(Marianne Furfure, A.J.), entered November 30, 2010 in a proceeding
pursuant to Family Court Act article 3.  The order directed respondent
to pay restitution.

        It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by reducing the amount of restitution
to $730 and as modified the order is affirmed without costs.

        Memorandum:  On appeal from an order directing him to pay
restitution in the amount of $740 for property damage and loss arising
from his multiple burglaries of a single residence, respondent
contends that the restitution award is not supported by the record.
The restitution award is comprised of $580 for property damage and
$160 for the theft of a handgun and a bottle of vodka.  With one minor
exception, we conclude that Family Court's restitution award is
supported by a preponderance of the material and relevant evidence
introduced at the dispositional hearing (*see* Family Ct Act § 350.3
[1], [2]; *Matter of Michael V.*, 92 AD3d 1115, 1116, *lv denied* 19 NY3d
804).

        Here, the cost to repair the damaged property was established by
the testimony of its landlord and an estimate for repairs written on
construction company letterhead.  Furthermore, the victim testified to
the model and the condition of his stolen handgun and that he had
inquired at three local stores to determine the value of comparable
models.  Based on the detailed testimony of the witnesses and in light
of the great weight accorded to the court's award (*see Matter of
Andrew D.*, 231 AD2d 953, 953; *Matter of James A.*, 205 AD2d 621, 622),
we conclude that the evidence is sufficient to support the court's
determination of the "fair and reasonable cost to replace the property
[or] repair the damage caused by the respondent" with respect to those

portions of the restitution award (Family Ct Act § 353.6 [1] [a]; *see Matter of Dante P.*, 81 AD3d 1267, 1268; *Matter of Antonio M.*, 214 AD2d 571, 571).

We agree with respondent, however, that the court erred in granting restitution with respect to a $10 bottle of vodka allegedly stolen during a burglary.  The theft of that bottle was not alleged in the petition and, as such, is not properly part of the restitution award (*see Matter of Jared G.*, 39 AD3d 1248, 1249).  We therefore modify the order by reducing the amount of restitution accordingly.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court