*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016          521805
_____

In the Matter of ISAAC L.,
    Alleged to be a Juvenile
    Delinquent.

S. JOHN CAMPANIE, as MADISON
    COUNTY ATTORNEY,                         MEMORANDUM AND ORDER
                        Respondent;

ISAAC L.,
                        Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  September 13, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Mulvey, JJ.

_____

        Christopher Hammond, Cooperstown, for appellant.

        S. John Campanie, County Attorney, Wampsville (Jeffrey A.
Aumell of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Family Court of Madison County
(Eppolito, J.), entered September 5, 2015, which granted
petitioner's applications, in two proceedings pursuant to Family
Ct Act article 3, to adjudicate respondent a juvenile delinquent.

        In January 2015, two juvenile delinquency petitions were
filed charging respondent (born in 1999) with committing acts
which, if committed by an adult, would constitute specified

crimes.  Thereafter, in satisfaction of both petitions, respondent admitted to conduct which, if committed by an adult, would constitute the crimes of endangering the welfare of a child and attempted criminal mischief in the fourth degree.  As a result, respondent was adjudicated to be a juvenile delinquent and, on consent, was temporarily placed with the Madison County Department of Social Services (hereinafter MCDSS) pending a diagnostic evaluation.  After a dispositional hearing, Family Court ordered respondent to be placed with MCDSS for one year and to pay restitution.  Respondent appeals.

Pursuant to Family Ct Act § 321.3 (1), Family Court must "ascertain through allocution of the respondent and his [or her] parent or other person legally responsible for his [or her] care, if present, that . . . he [or she] committed the act or acts to which he [or she] is entering an admission."  Respondent contends that his admissions failed to establish that he acted recklessly or caused any damage to the property of another (see Penal Law § 145.00 [3]).  We find, however, that his admission to intentionally kicking open the locked door of a public bathroom owned by the Oneida City Department of Parks and Recreation, coupled with his acknowledgment that such conduct was likely to cause damage, was sufficient to support Family Court's finding that he engaged in reckless conduct constituting attempted criminal mischief in the fourth degree (see Penal Law §§ 15.05 [3]; 110.00, 145.00 [3]; Matter of Orazio A., 81 AD3d 1104, 1105 [2011]; Matter of Donald NN., 9 AD3d 537, 537-538 [2004]).  Respondent likewise admitted that, in a separate incident, he threw a "hard piece of rubber" at the victim (born in 1999), striking him in the head and causing injuries that required medical attention.  We find this admission was also sufficient to establish that he endangered the welfare of a child (see Penal Law § 260.10 [1]).

We further find respondent's challenge to Family Court's restitution award unavailing.  Respondent contends that the evidence adduced at the dispositional hearing was insufficient to establish the sum of the restitution he was required to pay.  Where a juvenile delinquent is ordered to pay restitution, the award must be established by a preponderance of the material and relevant evidence indicating the "fair and reasonable cost to

replace the property" (Family Ct Act § 353.6 [1] [a]).  Here, petitioner produced a victim impact statement from the Oneida Parks and Recreation Department indicating the costs that it incurred to replace various doors at the park.  Coupled with respondent's admissions, we find this provided sufficient support for Family Court's determination as to the proper amount of restitution that respondent should be compelled to pay (see Family Ct Act §§ 350.3 [1], [2]; 353.6 [1]; Matter of Joshua R.S., 103 AD3d 1228, 1229 [2013]; Matter of Michael V., 92 AD3d 1115, 1116-1117 [2012], lv denied 19 NY3d 804 [2012]).  Respondent also challenges his placement with MCDSS; however, this argument has been rendered moot, as the dispositional order has expired (see Matter of Clarence D., 88 AD3d 1074, 1075 [2011]).

McCarthy, J.P., Devine, Clark and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court