■ In the Matter of KAREEM Q., Alleged to be a Juvenile Delinquent. BROOME COUNTY ATTORNEY, Respondent; KAREEM Q., Appellant. (And Two Other Related Proceedings.) [54 NYS3d 323]—

Rose, J. Appeals (1) from an order of the Family Court of Broome County (Connerton, J.), entered April 21, 2016, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent, (2) from an amended order of said court, entered May 4, 2016, which, in two proceedings pursuant to Family Ct Act article 3, among other things, remanded respondent to a secure facility, and (3) from an amended order of said court, entered June 21, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to modify a prior order of disposition.

After 10 juvenile delinquency petitions were filed against respondent, he admitted to the allegations contained in two of them. Family Court then issued an April 2016 order which adjudicated respondent a juvenile delinquent and placed him

in petitioner's custody for 12 months. In a May 2016 amended order of disposition, Family Court continued respondent's placement with petitioner, and remanded him to a secure facility for a period not to exceed 15 days. Petitioner then filed a modification petition seeking to transfer custody of respondent to the Office of Children and Family Services (hereinafter OCFS), alleging that respondent was beyond petitioner's control. Family Court granted petitioner's application and, in a June 2016 amended order of disposition, placed respondent in OCFS's custody and provided that the order would expire on April 17, 2017. Respondent now appeals the April 2016 order and the May 2016 and June 2016 amended orders.

Respondent does not take issue with the finding that he is a juvenile delinquent. Rather, he challenges only Family Court's placement decisions. However, inasmuch as respondent's placement with petitioner in the April 2016 order was superceded by the June 2016 amended order, his challenge to the placement reflected in the April 2016 order is now moot (cf. *Matter of Abigail QQ. [Angela F.]*, 146 AD3d 1252, 1253 [2017]; *Matter of Attorney for the Child v Cole*, 140 AD3d 1335, 1336 [2016]). Respondent's appeals from the May 2016 and June 2016 amended orders are also moot given that petitioner's placement at the secure facility and with OCFS has expired (*see Matter of Alliyah GG.*, 149 AD3d 1171, 1172-1173 [2017]; *Matter of Isaac L.*, 142 AD3d 1263, 1264 [2016]; *Matter of Clarence D.*, 88 AD3d 1074, 1075 [2011]). As we find that the exception to the mootness doctrine does not apply (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]), we dismiss respondent's appeals from the May 2016 and June 2016 amended orders.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the order entered April 21, 2016 is affirmed, without costs.

Ordered that the appeals from the amended orders entered May 4, 2016 and June 21, 2016 are dismissed, as moot, without costs.