Matter of Dana R. (2018 NY Slip Op 02383)





Matter of Dana R.


2018 NY Slip Op 02383


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

524779

[*1]In the Matter of DANA R., Alleged to be a Juvenile Delinquent. BROOME COUNTY ATTORNEY, Respondent; DANA R., Appellant.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey, Aarons and Pritzker, JJ.


Christine Nicolella, Delanson, for appellant.
Robert Behnke, County Attorney, Binghamton (Cheryl D. Sullivan of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Broome County (Miller II, J.), entered February 1, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Petitioner commenced this juvenile delinquency proceeding alleging that respondent (born in 2002) had committed acts which, if committed by an adult, would constitute the crime of criminal sexual act in the first degree (see Penal Law § 130.50 [3]). The petition was subsequently amended and alleged that respondent had committed acts which, if committed by an adult, would constitute the crime of sexual abuse in the first degree (see Penal Law
§ 130.65 [3]). Respondent admitted to the allegations in the amended petition and, following fact-finding and dispositional hearings, Family Court adjudicated respondent a juvenile delinquent and placed him in the custody of the Broome County Department of Social Services. Respondent appeals.
Respondent's only contention on appeal is that his placement with the Broome County Department of Social Services was not supported by a sound and substantial basis in the record. Given that respondent's placement expired in January 2018, however, this issue has been rendered moot (see Matter of Kareem Q., 151 AD3d 1321, 1322 [2017]; Matter of Alliyah GG., 149 AD3d 1171, 1172-1173 [2017]; Matter of Raymond WW., 291 AD2d 682, 683 [2002]). Nor [*2]do we find that the exception to the mootness doctrine applies (see Matter of Kareem Q., 151 AD3d at 1322; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Garry, P.J., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.